UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL CORNELL and JAROD ALEXANDER, individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiffs, | § § | Docket No. 4:15-cv-00620 |
| v. | § § § § | JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| NINE ENERGY SERVICE, LLC | § § | |
| Defendant. | § | |

**DEFENDANT NINE ENERGY SERVICE, LLC'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Nine Energy Service, LLC files this Answer to the First Amended Collective Action Complaint (the "First Amended Complaint") filed by Plaintiffs Russell Cornell and Jarod Alexander ("Plaintiffs"). Defendant respectfully states as follows:

**ANSWER**

**I. Summary**

1.      Defendant admits that Plaintiffs have brought a lawsuit under the Fair Labor Standards Act ("FLSA"), but Defendant denies that it violated the FLSA and that Plaintiffs or any other opt-in plaintiff or "other workers" are entitled to any recovery. Defendant further admits that Plaintiffs' putative collective action seeks to recover certain allegedly unpaid overtime wages and other damages but Defendant denies that this case is appropriate for collective action treatment or that Plaintiffs or any opt-in plaintiff or other individual are entitled to any allegedly unpaid wages or damages. Defendant admits Plaintiffs were at times paid a base

salary and bonuses and not paid overtime for hours worked in excess of 40 in a single work week, but denies that the FLSA required payment of overtime to Plaintiffs or other workers "like them." Defendant denies the remainder of the allegations set forth in Paragraph 1 of the First Amended Complaint.

## II.  Jurisdiction and Venue

2.  Paragraph 2 of the First Amended Complaint contains legal assertions and conclusions to which no response is required. Defendant admits that this Court has subject matter jurisdiction to hear this case if Plaintiffs' allegations are true. Defendant denies that Plaintiffs' allegations giving rise to such jurisdiction are true.

3.  Paragraph 3 of the First Amended Complaint contains legal assertions and conclusions to which no response is required.

## III.  The Parties

4.  Defendant admits Plaintiffs have filed what they purport to be Plaintiff Cornell's consent to be a party plaintiff. Defendant denies the remainder of the allegations set forth in Paragraph 4 of the First Amended Complaint.

5.  Defendant admits Plaintiffs have filed what they purport to be Plaintiff Alexander's consent to be a party plaintiff and that Plaintiff Alexander is a former employee of Defendant. Defendant denies the remainder of the allegations set forth in Paragraph 5 of the First Amended Complaint. Further answering, Defendant states that Jarod Alexander was employed as a TCP Field Technician for part, but not all, of his employment with Defendant.

6.  Defendant denies this case is suitable for a collective action. The definition of "Putative Class Members" referenced in Paragraph 6 of the First Amended Complaint is a legal conclusion to which no response is required. Further answering, Defendant denies the allegations set forth in Paragraph 6 of the First Amended Complaint and denies that Plaintiffs'

definition represents a proper class or proper sub-classes, proper time period or proper description, that any putative Class Member is entitled to any relief and that the putative Class Members are similarly situated.

7.  Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

### IV. Coverage Under the FLSA

8.  Paragraph 8 of the First Amended Complaint sets forth a legal conclusion to which no response is required. Further answering, Defendant admits that it has acted as an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Defendant acted as an employer "[a]t all times hereinafter mentioned," as this term is vague and undefined, and therefore Defendant denies the allegations in Paragraph 8 of the First Amended Complaint.

9.  Paragraph 9 of the First Amended Complaint sets forth a legal conclusion to which no response is required. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Defendant has been an enterprise "[a]t all times hereinafter mentioned," as this term is vague and undefined, and therefore Defendant denies the allegations in Paragraph 9 of the First Amended Complaint.

10. Paragraph 10 of the First Amended Complaint sets forth a legal conclusion to which no response is required. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) "[a]t all times hereinafter

mentioned," as this term is vague and undefined, and therefore Defendant denies the allegations in Paragraph 10 of the First Amended Complaint.

11. Paragraph 11 of the First Amended Complaint sets forth a legal conclusion to which no response is required. Defendant denies this case is suitable for collective action. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs or any alleged Putative Class Members were engaged in commerce or in the production of goods for commerce "[a]t all times hereinafter mentioned," as this term is vague and undefined, and therefore Defendant denies the allegations set forth in Paragraph 11 of the First Amended Complaint.

### V. Facts

12. Defendant admits that it is an oilfield services company with field personnel and operators who serve exploration and production companies in certain states within the United States. Defendant denies the remainder of the allegations set forth in Paragraph 12 of the First Amended Complaint and denies that this case is suitable for a collective action.

13. Defendant denies this case is suitable for collective action and denies that the definition of "Putative Class Members" is appropriate. Further answering, Defendant admits that some Putative Class Members performed certain aspects of the job duties referenced in Paragraph 13 of the First Amended Complaint but otherwise denies the allegations set forth in Paragraph 13 of the First Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the First Amended Complaint. Further answering, Defendant denies this case is proper for collective action.

15. Defendant admits that at times Plaintiffs were paid a base salary and received bonuses and were not paid overtime pay for hours worked in excess of 40 in a single work week but Defendant denies that any such overtime payments were required. Further answering,

Defendant denies the remaining allegations in Paragraph 15 of the First Amended Complaint. Further answering, Defendant denies this case is proper for collective action.

## VI.  FLSA Violations

16. Defendant denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of the First Amended Complaint.

## VII.  Collective Action Allegations

18. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the assertions set forth in the second sentence of Paragraph 18 of the First Amended Complaint, as it lacks knowledge regarding what unspecified individuals purportedly reported to Plaintiffs; accordingly, it denies such allegations.  Defendant denies the remainder of the allegations set forth in Paragraph 18 of the First Amended Complaint.

19. Defendant admits that at times Plaintiffs were paid a base salary and received bonuses and were not paid overtime pay for hours worked in excess of 40 in a single work week but Defendant denies that any such overtime payments were required.  Further answering, Defendant denies the remaining allegations in Paragraph 19 of the First Amended Complaint, and denies that this case is proper for collective action or that the "Putative Class Members" are properly defined.  Further answering, Defendant denies it has violated the FLSA.

20. Defendant denies the allegations in Paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the First Amended Complaint.

### VIII.  Jury Demand

22. Defendant admits Plaintiffs have demanded a trial by jury.

### IX.  Relief Sought

23. To the extent Plaintiffs' recital incorporate any allegations set forth in Paragraphs 1–22, Defendant repeats and incorporates its responses to Paragraphs 1–22 above.  Defendant denies that Plaintiffs or any proposed putative class member who may join this case, are entitled to any relief sought in the Prayer set forth in the First Amended Complaint.

Any and all allegations within the First Amended Complaint not expressly admitted are denied.

### AFFIRMATIVE AND OTHER DEFENSES

1. The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant is not liable to Plaintiffs for some or all of the relief sought because Defendant did not employ Plaintiff Cornell and did not employ Plaintiff Alexander for all of the period purportedly at issue.

3. A Joint Stipulation and Proposed Order Regarding Notice to Potential Class Members [Dkt. 18] was filed with the Court on July 17, 2015 (the "Stipulation").  Nothing in the Stipulation, or in the proposed Notice and Consent attached thereto, shall be interpreted as limiting, waiving, or modifying any of Defendant's defenses, including any claims or arguments Defendant may have with respect to de-certification.  Defendant reserves the right to dispute whether classes or particular sub-classes are appropriate for later stages of this litigation and reserves the right to dispute whether particular individuals are appropriate representative plaintiffs with respect to any stipulated or putative class or sub-class.  The Stipulation is not an admission as to any underlying substantive issue in this controversy.  Defendant denies that it has

engaged in any wrongdoing and that any Putative Class Member (as that term is defined in the First Amended Complaint) is entitled to any relief and that Putative Class Members are similarly situated.

4. Pursuant to Section 13(a)(1) of the FLSA, Plaintiffs and any alleged Putative Class Members meet the requirements for exempt status under the FLSA, as they are or were employed in a *bona fide* executive, administrative or professional capacity.

5. To the extent that any alleged Putative Class Members have a total annualized compensation equal to at least $100,000 and they customarily and regularly perform one or more of the exempt duties or responsibilities of an executive, administrative or professional employee, those alleged putative class members meet the requirements for exempt status under the FLSA pursuant to 29 C.F.R. § 541.601(a).

6. Pursuant to Section 13(b)(1) of the FLSA, Plaintiffs and any alleged Putative Class Members are not subject to the overtime requirements of the FLSA, as they are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935.

7. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 have not been and cannot be satisfied. This action should not be certified, conditionally, permanently, or otherwise, or maintained as a collective action.

8. Plaintiffs are not similarly situated, pursuant to 29 U.S.C. § 216, with the alleged Putative Class Members they purportedly seeks to represent, the claims or defenses of Plaintiffs are not typical of the claims or defenses of the alleged Putative Class Members and the alleged putative class members as described in the First Amended Complaint are not similarly situated to each other.

9. Putative Class Members who hold or held the positions of Wireline Lead Operator, Wireline Senior Operator or Wireline Senior Operator I-III lack a representative plaintiff and for that reason as well, class certification is inappropriate with respect to those positions.

10. Individuals purporting to opt in to this lawsuit should not recover for any alleged damages incurred during a period in which they held a job title different from those referenced within the putative class or sub-classes.

11. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action and the questions of law or fact that allegedly are common to the Putative Class Members will not predominate over any questions affecting only individual putative class member.

12. Plaintiffs' claims and the claims of the alleged Putative Class Members are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this matter.

13. Plaintiffs' claims, and the claims of any other Putative Class Member, are barred, in whole or in part, because Plaintiffs have not sustained any injury or damage by reason of any act or omission of Defendant.

14. Plaintiffs' claims, and the claims of any other Putative Class Member, are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

15. Neither Plaintiffs nor any other Putative Class Member can recover overtime pay for time periods which fall within the "*de minimus*" exception. Any such time periods are insubstantial, insignificant or, as a practice or administrative matter, could not have been

precisely recorded so that Plaintiffs and other putative class members are precluded from recovery.

16. To the extent Plaintiffs or others allegedly similarly situated were paid overtime compensation beyond that to which they were entitled during their employment, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

17. Pursuant to 29 U.S.C. § 259, any failure to pay overtime wages, although such is not admitted and is expressly denied, was made in good faith and in conformity with, and reliance on, Department of Labor guidance and applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices, and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor or other applicable authority, including guidance provided by the United States Department of Labor in 2014 which confirmed that Putative Class Members were exempt from FLSA requirements and that the pay practices Plaintiffs have now put at issue were compliant with applicable law.

18. If Defendant failed to pay any required overtime wages, although such is not admitted and is expressly denied, Plaintiffs and others allegedly similarly situated cannot demonstrate that such failure constituted a willful violation of the FLSA or any other law. Neither Plaintiffs nor any other putative class member is entitled to any liquidated damages and Defendant acted in good faith, with reasonable grounds for believing that its actions or omissions were not in violation of the FLSA.  29 U.S.C. § 260.

19. To the extent Plaintiffs and any other putative class member seeks remedies against Defendant beyond those available under the statute upon which Plaintiffs' claims are based, such remedies are improper.

20. If any liability is associated with this action, which Defendant expressly denies, a two-year statute of limitations applies. 29 U.S.C. § 255. Defendant did not knowingly, willfully or with reckless disregard violate the FLSA with respect to Plaintiffs or Putative Class Member. Defendant's pay practices have been in good faith, consistent with industry standards and were not the subject of complaint by Plaintiffs.

21. Plaintiffs' claims, and the claims of any other Putative Class Member, are barred, in whole or in part, by the applicable two-year statute of limitations. 29 U.S.C. § 255(a).

22. If a three-year statute of limitations is held to apply, which Defendant expressly denies, Plaintiffs' and other Putative Class Members' claims are barred, in whole or in part, by the applicable three-year statute of limitations.

23. Plaintiffs' and other Putative Class Members' claims are barred, in whole or in part, by the doctrines of estoppel, ratification, accord and satisfaction, waiver and/or offset.

24. Defendant reserves the right to assert any additional affirmative defenses, including those that may be discovered during the course of additional investigation and discovery.

## PRAYER

WHEREFORE, Defendant respectfully requests that Plaintiffs and any alleged putative class members take nothing by this suit, that this action be dismissed, and that the Court award Defendant costs and such further relief, general or special, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

*s/ Sean M. Becker*
SEAN M. BECKER (Attorney-in-Charge)
State Bar No. 24049657

        Federal ID 602796
        CHRISTIE M. ALCALÁ
        State Bar No. 24073831
        Federal ID 1450050
        WILLIAM CARLTON WILSON
        State Bar No. 24090472
        Federal ID 2412597
        VINSON & ELKINS L.L.P.
        1001 Fannin Street, Suite 2500
        Houston, Texas 77002
        Telephone: 713.758.2646
        Facsimile:  713.615.5129
        *sbecker@velaw.com*
        *calcala@velaw.com*
        *carlwilson@velaw.com*

        ATTORNEYS FOR DEFENDANT
        NINE ENERGY SERVICE, LLC

## CERTIFICATE OF SERVICE

    I certify that on July 30, 2015, a true and correct copy of the foregoing Defendant Nine Energy Service, LLC's Answer to Plaintiffs' First Amended Collective Action Complaint was filed electronically through the Court's CM/ECF System and automatically copied to all Counsel of Record.

         *s/ Sean M. Becker*
         Attorney for Defendant