# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RUSSELL CORNELL and JAROD ALEXANDER, Each Individually and On Behalf of All Others Similarly Situated,<br><br>v.<br><br>NINE ENERGY SERVICE, L.L.C. | CASE NO: 4:15-cv-00620<br>COLLECTIVE ACTION<br><br>JUDGE KEITH P. ELLISON |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO NINE'S MOTION TO DELAY PARTIAL SUMMARY JUDGMENT ON ITS AFFIRMATIVE DEFENSES

**A.  SUMMARY**

The reason Nine doesn't have evidence to controvert Plaintiffs' motion for summary judgment on Nine's affirmative defenses isn't because the motion is premature, it's because there simply aren't any grounds to support these defenses.

Several of Nine's defenses (ratification, accord and satisfaction, and waiver) cannot be asserted in an FLSA case as a matter of law. No amount of discovery could ever save these defenses. Similarly, Nine's professional exemption defense can be determined—and dismissed—on a class basis.

Regarding all of Nine's defenses (including offset and any applicable estoppel), this is not a case where discovery has shown that Nine may have valid defenses with respect to some plaintiffs. Despite having exclusive access to virtually every single one of the records that will be used at trial— and unfettered access to its own employee-witnesses—Nine has not been able to summon a scintilla of evidence to support any defense as to any Plaintiff. *See* Doc. 94, at *7. And they already conceded the dismissal of these claims with respect to every single one of the Plaintiffs that Nine deposed. *Id.*

Nine's summary judgment position does not even contest the facts asserted by Plaintiffs. Because it can't. So Nine only requests to delay the inevitable. Holding off summary judgment only

opens the door for Nine to conduct expensive, time-consuming, unnecessary, and non-proportional discovery. Its request should be denied and summary judgment entered for Plaintiffs.

**B.     ARGUMENT & AUTHORITIES**

    **1.     Nine has not met its Rule 56(d) burden.**

        **1.1.     Rule 56(d) places the burden on the party seeking additional time.**

There is no requirement that discovery be completed before a court considers summary judgment. Indeed, "Rule 56 does not require that **any** discovery take place before summary judgment can be granted[.]" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (emphasis added). The responding party's entitlement to discovery "is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed … to withstand [the] motion for summary judgment. *Id.* The district court's decision to proceed or delay summary judgment adjudication is reviewed for an abuse of discretion. *Adams*, 465 F.3d at 162 n.11 (citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 605 (5th Cir. 2001)).

In order to obtain an extension under Rule 56(d), the party seeking additional discovery bears the burden of showing, under sworn testimony, that it has been unable to obtain discovery necessary to justify opposition to summary judgment. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006); *Contemp. Mission Inc. v. New York Times Co., Inc.*, 665 F.Supp. 248, 269 (S.D.N.Y. 1987), *aff'd* 842 F.2d 612 (2d Cir. 1987), *cert. denied*, 488 U.S. 856 (1988). "A [party] seeking relief under Rule 56(d) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Adams*, 465 F.3d at 162. Summary judgment may not be avoided simply by arguing that additional discovery remains, nor that additional discovery will produce necessary, but unspecified, facts. *Id.*; *Washington*, 901 F.2d at 1285.

A party who has not diligently pursued discovery is not entitled to relief. *Beattie*, 254 F.3d at 605. So the court should consider the party's prior opportunity to discover the information, its due

diligence in acting to obtain the information, the timeliness in requesting the extension, and the relevance (or irrelevance) of the information being sought. *See* 11 MOORE FED. PRAC. § 56.10(8)(a) (Bender 3d Ed. 2006); *Destec Energy, Inc. v. So. Cal. Gas Co.*, 5 F.Supp.2d 433, 454 (S.D. Tex. 1997) (Rosenthal, J.); *Carpenter v. Fed. Nat'l Morg. Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). "[T]he court will reject a rule [56(d)] request if the discovery pertains to information already available to the non-moving party." 11 MOORE FED. PRAC. § 56.10(8)(a).

2. **Nine agreed that the Court should dismiss all defenses as to all deposed Plaintiffs.**

As a starting point, Nine agreed that all defenses should be dismissed with respect to the seven Plaintiffs who had given depositions at the time of its response to Plaintiffs' Motion for Summary Judgment. Doc. 94, at *7. So Nine knows that these defenses have not panned out once subject to discovery.

3. **Nine has obtained virtually all of the discovery it says it ever needed.**

Nine's motion, and the declaration in support, contend that the only item needed to respond to Plaintiffs' motion is the deposition testimony of the remaining, undeposed, discovery Plaintiffs. Doc. 95-1, at § 7. That's it.

Nine has now taken nine Plaintiff depositions—and only one single Plaintiff remains. Ex. B, Depo Notices; Ex. C, Email from Plaintiffs' Counsel. Yet Nine has not supplemented any summary judgment evidence as to either of the two Plaintiffs that it has deposed in the interim. Why? Because the depositions have not revealed any evidence to support any of the defenses. There is no reason to delay dismissing boilerplate defenses that were inapplicable in the first place and have failed to yield any fruit.

4. **Most of Nine's defenses are not applicable in FLSA cases as a matter of law.**

For the majority of the defenses at issue, no amount of discovery could affect a summary judgment decision. Ratification, accord and satisfaction, and waiver are all inapplicable in FLSA cases

as a matter of law. *E.g.*, *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived"); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. Jul. 31, 2009) ("The doctrines of waiver, estoppel, laches, and accord and satisfaction … are generally not applicable to FLSA claims").

No further discovery is necessary. No discovery was ever necessary. They should all be dismissed without further delay.

**5.  Since day one, Nine has had access to all evidence needed to defend this case.**

A Rule 56(d) request should be denied where the party seeking an extension already has access to all of the information needed. *E.g.*, 11 MOORE FED. PRAC. § 56.10(8)(a). Nine was served on March 23, 2015, and entered its answer on April 13, 2015. Docs. 7, 8. It is now nearly a year-and-a-half since Nine became involved in this matter, and all of the defenses that it asserts require no discovery from Plaintiffs—but instead are based entirely on Nine's own records or public records.

**5.1.  Nine had full and exclusive access to employment and pay records, as well as its employees.**

In an FLSA collective action case, most or all of the relevant information is **already** (and usually **exclusively**) in the hands of the defendant. *See Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 234 (D.N.J. 2013). The FLSA, in fact, mandates that employers maintain virtually all relevant records **and** that they be readily available for inspection upon 72 hour-notice. 29 C.F.R. §§ 516.2, 516.7. Plaintiffs have been considered relatively unhelpful to the FLSA discovery process because "much of the key factual information defendants need from each plaintiff, such as their dates of employment, hours worked, supervisors and salary, is likely already in [the defendant's] possession and control." *See Goodman*, 292 F.R.D. at 234.

The Supreme Court explained why the emphasis on obtaining discovery in an FLSA case rests on the employer:

> The remedial nature of this statute and the great public policy which it embodies … militate against making [the plaintiff's] burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 688 (1946).

Nine's request for additional time to respond to summary judgment must be viewed against this backdrop. Nine has full and unfettered access to its own records and witnesses since this case began.

**5.2. The professional exemption is determined on a class basis and requires no individual discovery.**

Nine does not need any discovery from a plaintiff to determine the merits of the professional exemption. Whether a position is subject to the professional exemption does not turn on the academic training held by an individual plaintiff, but by what Nine set as the minimum requirements for the position. *E.g.*, *Clark v. Centene Co. of Texas, L.P.*, 44 F.Supp.3d 674, 680 (W.D. Tex. 2014); *Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1565 (11th Cir. 1991) ("[T]he determinative factor is the job requirement and not the education in fact acquired by the employee.").

Nine admitted that, to work as a TCP Field Technician and Hand or Wireline Operator, it did not "require[ ] … a particular educational degree." Doc. 88-10, Nine's Responses to Pl's RFAs, No. 4; *see also* Doc. 88-1, Preston Depo, at 128:17-20. And its job descriptions for the positions require no advanced degree. Docs. 88-11, -12, -13, -14, -15, -16, -17. The critical inquiry—what Nine required to be a TCP Field Technician or Hand / Wireline Operator—required no discovery from any of Plaintiffs. So the idea that the one remaining Plaintiff's deposition testimony may break this defense open stretches all credulity—and under applicable law, it is a nonstarter anyway.

**5.3. Nine's time and pay records are all that it needs for an offset defense.**

An offset under the FLSA is allowed for "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause … are not made as compensation for … hours of employment." 29 U.S.C. § 207(e)(2).

Nine already has all of Plaintiffs' time and pay records. There is simply no reason that Nine would not be able to use Plaintiffs' time and pay records to show evidence of an offset. No additional discovery is needed. If there were any offset evidence, Nine would already have it. It would be improper to hold a defense open because Nine has failed to search or analyze its own records to support its own defense.

**5.4. Even if valid, Nine would have had evidence of equitable estoppel.**

Equitable estoppel defenses have been consistently questioned or barred in FLSA claims. *Tran v. Thai*, Civ. A. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (Rosenthal, J.) ("It is unclear whether the equitable defense[ ] of … estoppel … [is] available under the FLSA."); *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *10 (W.D. Tex. Dec. 6, 2013) ("[E]ven if estoppel were a valid defense in an FLSA case …."); *Exime v. E.W. Ventures, Inc.*, 08-60099CIV, 2009 WL 454278, at *1 (S.D. Fla. Feb. 11, 2009) ("[I]t is well-settled that the doctrine of equitable estoppel is not a recognized defense to an FLSA claim."); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005) ("Federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action ….").

Even if Nine could assert an "underreporting" estoppel defense,[1] it would already have evidence of it. Under the very case that Nine cites, *Brumbelow v. Quality Mills, Inc.*, it was the employer's own evidence that supported the defense—not evidence obtained from the plaintiff. 462 F.2d 1324, 1327 (5th Cir. 1972). There, the employer "came forward with substantial evidence" that achieving the plaintiff's job output in a certain time "was both achievable and achieved by its other homework employees.'" *Gilbert v. City of Miami Gardens*, 625 Fed.Appx. 370, 374 (11th Cir. 2015) (citing *Brumbelow*, 462 F.2d at 1325)); *see also Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 803-04 (11th Cir. 2015) ("[I]n *Brumbelow*, we found 'no evidence that [the employer] knew or should have known that [the employee] … was giving false information.'" (quoting *Brumbelow*, 462 F.2d at 1327)).

Plaintiffs worked with other Nine employees—and had supervisors, district managers, and other Nine employees at the well-sites and shops. Yet Nine has not presented any evidence that Plaintiffs did not work overtime, underreported their hours, or that their job duties should have been completed in less time than Plaintiffs contend that they worked. The defense should now be dismissed.

**6.     Nine's bankruptcy estoppel defense is based on public records.**

Nine never needed any discovery to support its bankruptcy estoppel defense—nor does it even matter to the prosecution of this case.

First, even if Nine could assert a bankruptcy estoppel, it would not result in the dismissal of their case. The trustee handling the bankruptcy would simply step in to pursue that Plaintiff's claims for the benefit of the estate. *E.g., In re Flugence*, 738 F.3d 126, 132 (5th Cir. 2013) (citing *Reed v. City of*

---

[1] *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946-47 (2d Cir. 1959) ("[T]his [FLSA] case lies in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy."); *see also Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422, 426-27 (6th Cir. 1964) (applying *Caserta* to deny equitable estoppel defense).

*Arlington*, 650 F.3d 571 (5th Cir. 2011) (en banc)). So the trustee would simply step into that plaintiff's place to pursue their claim.

But more principally, **Nine doesn't need a deposition or any other kind of discovery to find out about bankruptcy filings regarding any Plaintiff**. Bankruptcy filings are a matter of public record. Because they are public records, there is no reason that Nine cannot find the information itself. In fact, courts routinely deny litigants the ability to obtain discovery from public records, on the very grounds that both parties have equal access. *E.g.*, *Betzer v. Stephens*, No. Civ.A. 03-169, 2003 WL 22175993, at *3 (E.D. La. Sept. 19, 2003) (denying motion to compel information from public records on grounds that they are equally available to both parties); *Shepach v. Tanner*, No. CIV. A. 96-2405, CIV. A. 96-2711, 1997 WL 473698, at *4 (E.D. La. Aug. 18, 1997) (same).

As previously provided to the Court, a quick PACER search of the discovery Plaintiffs' bankruptcy history filings reveals that only seven ever even filed for bankruptcy, and that all of these proceedings were discharged by 2014 at the very latest—well in advance of this case's filing in 2015. Ex. A, Bankruptcy Histories. There is no reason Nine can offer for its failure to obtain and review these public records (or lack thereof) in the past year-and-a-half. And Nine needs no further discovery to get basic information that can be gleaned from public records.

**C.     CONCLUSION**

Nine has presented no evidence to support any of the defenses at issue. It has not supplemented its evidence regarding the Plaintiffs that have been deposed since filing its opposition to Plaintiffs' summary judgment. Only one Plaintiff now remains to be deposed.

This case is ripe for summary judgment dismissal of these defenses, which are all legally and/or factually deficient. Nine has given the Court no reason to believe that additional time or discovery will save any one of its defenses as to any one of Plaintiffs. Summary judgment should be granted on all these defenses without delay.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
Matthew S. Parmet
Texas Bar No. 24069719
S.D. Tex. No. 1076547
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
S.D. Tex. No. 27157
Jessica M. Bresler
Texas State Bar No. 24090008
S.D. Tex. No. 2459648
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Telecopier: (713) 751-0030
mjosephson@fibichlaw.com
jbresler@fibichlaw.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

On August 25, 2016, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

***/s/ Matthew S. Parmet***
_____
Matthew S. Parmet