United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL CORNELL, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-00620 |
| NINE ENERGY SERVICES, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Plaintiffs Russel Cornell, et al, have filed a Motion for Traditional and No Evidence Partial Summary Judgment as to Nine Energy Service, LLC's Affirmative Defenses ("Plaintiffs' Motion"). (Doc. No. 88.) In addition to its response to that motion, Defendant Nine Energy Service, LLC has filed a Motion to Deny or, in the Alternative, Defer Ruling on Plaintiffs' Motion for Partial Summary Judgment ("Defendant's Motion"). (Doc. No. 95.) After considering the motions, responses thereto and relevant legal authorities, the Court must dismiss some of Defendant's affirmative defenses and defer ruling on other defenses until the close of discovery.

I.   BACKGROUND

Plaintiffs Russell Cornell, Jarod Alexander and 110 other Plaintiffs bring this collective action against their employer, Defendant Nine Energy Service, LLC for alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that Defendant violated FLSA by paying Plaintiffs a hybrid salary and job bonus without any overtime compensation. (Doc. No. 88.) In its answer, Defendant raised several affirmative defenses, including: the professional employee exemption under FLSA, ratification, estoppel, accord and satisfaction, waiver, and offset. (Answer, Doc. No. 20.) Plaintiffs filed a Motion for Partial Summary Judgment to dismiss these

1

affirmative defenses as well as a failure to mitigate defense (not listed in Defendant's Answer), on the basis that such defenses cannot be asserted in a FLSA case or Defendant has not provided evidence supporting the defenses. (Doc. No. 88 at 1, 6.)

Defendants argue that a full decision on Plaintiffs' Motion is premature. Before Plaintiffs filed their Motion, the Parties agreed that Defendant would depose ten Plaintiffs ("discovery group Plaintiffs"). At the time Plaintiffs filed their motion, seven Plaintiffs (Jarod Alexander, Joshua Blalock, Russell Cornell, Adam Morgan, Danny Morgan, Chad Sams, and Kacee Sutton) had given depositions. Three other Plaintiffs (William Jones, Robert Burrup, and Ronde Robinson) had been scheduled to give depositions. Defendant concedes its affirmative defenses as to the seven Plaintiffs who have been deposed, but requests that Court deny or defer ruling on Plaintiffs' Motion with respect to the defenses of professional employee exemption, estoppel and offset for the three remaining discovery group Plaintiffs.

## II. LEGAL STANDARD

"When seeking summary judgment . . . [f]or any matter on which the non-movant would bear the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995). Defendant bears the ultimate burden of persuasion on its affirmative defenses, and thus "must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

Under Federal Rule of Civil Procedure 56(d), "if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

2

the court may defer considering the motion or deny it." The non-movant must demonstrate "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Rule 56(d) motions are "generally favored and should be liberally granted." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

### III. ANALYSIS

Since Plaintiffs filed their Motion, Defendant has narrowed the disputed issues. Defendant concedes that its affirmative defenses of ratification, accord and satisfaction, and waiver for all Plaintiffs must be dismissed. (Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment, Doc. No. 94.) Defendant does not object to the dismissal of the professional employee exemption, estoppel and offset defenses with respect to the seven Plaintiffs who had already given depositions at the time Plaintiffs filed their Motion. (Doc. No. 94.) As Defendant never raised the defense of failure to mitigate in its Answer (Doc. No. 20), the Court denies Plaintiffs' request to dismiss this supposed defense.

The remaining issues concern three affirmative defenses for the three discovery group Plaintiffs who had not yet been deposed when Plaintiffs filed their Motion. Specifically, Defendant opposes the dismissal of the professional employee exemption, estoppel and offset defenses. Defendant seeks time to complete the three Plaintiffs' depositions because it plans to file for decertification of the putative collective action, in which case individually applicable defenses will be considered for each Plaintiff. (Doc. No. 94 at 14.) Plaintiff calls Defendant's request for time to conduct further discovery and seek decertification a "red herring." (Plaintiffs' Reply to Defendant's Response to Plaintiffs' Partial Motion for Summary Judgment, Doc. No. 96 at 10.) However, the issues of estoppel and professional employee exemption raise questions

of fact sufficient to warrant time to complete discovery.

Rule 56(d) requires a non-movant seeking a deferred ruling on a summary judgment motion to file an affidavit or declaration addressing the need for further discovery. Since even before Rule 56(d) explicitly called for an affidavit, the Fifth Circuit has required non-movants to submit a "statement preferably in writing that conveys the need for additional discovery." *Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Non-movants must show that they have: "(i) requested extended discovery prior to the court's ruling on summary judgment; (ii) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought; (iii) demonstrated to the trial court specifically how the requested discovery pertains to the pending motion;" and (iv) showed that the non-movant has diligently pursued relevant discovery. *Id*.

Defendant meets the Rule 56(d) and *Witchita Falls Office Associates* requirements for the defenses of professional employee exemption and estoppel, but not offset. Defendant has: filed an affidavit (Doc. No. 95, Attachment 1); requested deferral on Plaintiff's Motion until the discovery period closes; and put the court on notice that additional depositions had been scheduled. Defendant has explained that the three Plaintiffs should be deposed individually because they are in different sub-classes and hold different job titles that the Plaintiffs who had already given depositions. (Doc. No. 94 at 8.) Questioning the three remaining discovery group Plaintiffs about their actual job duties may show that they qualify for the professional employee exemption. (Doc. No. 94 at 9.) As to estoppel, Defendant will not know if any of the Plaintiffs misrepresented their working hours—a prerequisite for the estoppel defense—until they are deposed. The opportunity to question the three Plaintiffs on their job duties and their hours merits deferring the summary judgment decision until the discovery period ends.

In contrast, further discovery will not save Defendant's offset defense. Defendant contends it meets the narrow FLSA allowance for offset of overtime compensation by including the limiting construction: "*To the extent* Plaintiffs or others allegedly similarly situated were paid overtime compensation beyond that to which they were entitled during their employment . . . ." (Doc. No. 94 at 5, emphasis in original.) Plaintiffs argue that this prefatory phrase does not meaningfully narrow the offset defense. Further, Defendant already possesses any evidence—time and pay records—that would establish an offset defense. (Doc. No. 96 at 4.) Defendant has not stated which facts it might uncover through additional discovery that would justify an this defense. A party "cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006). As Defendant has failed to demonstrate any relevant facts that would be revealed through further discovery, the Court dismisses the offset defense.

## IV. CONCLUSION

The Court hereby **GRANTS IN PART** Plaintiff's Motion (Doc. No. 88). The defenses of ratification, accord and satisfaction, waiver and offset are dismissed as to all Plaintiffs. The defenses of professional employee exemption and estoppel are dismissed as to the seven discovery group Plaintiffs who had given depositions at the time Plaintiffs filed their Motion.

The Court **GRANTS IN PART** Defendant's Motion (Doc. No. 95). Although the Court is skeptical that further discovery will uncover facts relevant to estoppel and professional employee exemption, it is appropriate to allow Defendant to finish depositions before considering these defenses. Thus, the Court will **DEFER** ruling on the defenses of estoppel and professional employee exemption for the remaining three discovery group Plaintiffs. After

completing discovery, Defendant may file a sur-reply to Plaintiffs' Motion on or before the deadline for filing dispositive motions, and Plaintiffs may file a sur-sur-reply in response.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 7th day of October, 2016.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE